UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOLANDA MCGRAW, individually, and as the representative of all persons similarly situated,

    Plaintiff,

    v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

CASE NO. C16-5876BHS

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO STRIKE AS MOOT

This matter comes before the Court on Plaintiff Yolanda McGraw's ("McGraw") motion to remand (Dkt. 19) and motion to strike declarations of Defendant's experts (Dkt. 39). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On March 13, 2014, McGraw was involved in a car accident. Dkt. 1, Ex. A ("Comp.") ¶ 1.8. McGraw's car was damaged, and the repairs cost $8,140.07. *Id.* McGraw's car was worth less after it was repaired than before the accident. *Id.* ¶ 1.10.

ORDER - 1

McGraw had a car insurance policy with Defendant GEICO General Insurance Company ("GEICO"). *Id.* ¶ 1.9. McGraw sought underinsured motorist coverage under her GEICO policy. *Id.* GEICO did not compensate McGraw for her car's diminished value. *Id.* ¶ 1.11.

On April 17, 2015, McGraw filed a class action complaint against GEICO in Pierce County Superior Court. *See id.* McGraw claims that GEICO has continuously failed to pay its policyholders' diminished value loss. *Id.* ¶ 5.1. McGraw seeks to certify the following class:

> All GEICO insureds with Washington policies issued in Washington State, where the insureds' vehicle damages were covered under Underinsured Motorist coverage, and
>
> 1. The repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. The vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. The vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned judge, the judge's staff and family.

*Id.* ¶ 5.3. McGraw alleges that the number of class members will be about 2,586 and the average damages will be about $1,460 per class member. *Id.* ¶ 2.4. Based on these numbers, McGraw alleges that the amount in controversy is $3,775,560. *See id.* McGraw asserts a single breach of contract claim. *Id.* ¶¶ 6.1–6.5.

On October 13, 2016, GEICO removed the matter to this Court. Dkt. 1. GEICO alleges that "[a] sampling of GEICO's records reveals an average of $1,698.99 per claim

with a potential class size including as many as 2734 claims for a total of $4,645,038.66 in potential class member claims." *Id*. ¶ 22. GEICO also alleges that the class would be entitled to attorney's fees under the Ninth Circuit benchmark for class actions, McGraw's retainer agreement with her attorney, or *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) (en banc). *Id*. ¶¶ 23–25.

On November 14, 2016, McGraw moved to remand. Dkt. 19. On December 5, 2016, GEICO responded. Dkt. 25. On January 6, 2017, McGraw replied (Dkt. 37) and moved to strike the declarations of GEICO's experts (Dkt. 39).[1] On January 23, 2017, GEICO responded to the motion to strike. Dkt. 41. On January 27, 2017, McGraw responded. Dkt. 43.

## II. DISCUSSION

**A.   Motion to Remand**

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). CAFA vests federal district courts with original jurisdiction over class actions involving more than 100 class members, minimal diversity, and at least $5,000,000 in controversy, exclusive of interests and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)). A defendant seeking removal under CAFA must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart*

---

[1] The motion to strike is denied as moot.

*Cherokee*, 135 S. Ct. at 551.  The burden of establishing removal jurisdiction remains on the party seeking removal.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  There is no presumption against removal under CAFA.  *Dart Cherokee*, 135 S. Ct. at 554.

To satisfy CAFA's amount in controversy requirement, the removing defendant must plausibly allege in the notice of removal that the amount in controversy exceeds $5,000,000.  *Id.*  If the plaintiff challenges the defendant's allegation, the defendant must then establish by a preponderance of the evidence that CAFA's amount in controversy requirement has been satisfied.  *Id.* at 554.  "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).  Both parties may submit evidence outside the complaint, including affidavits, declarations, or other summary-judgment-type evidence.  *Id.* at 1197.  "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

In this case, the parties' dispute regarding actual damages is irrelevant because the key issue is whether attorney's fees should be included in the amount in controversy. Even if the Court finds that GEICO established its alleged amount of actual damages with evidence and reasonable assumptions, the jurisdictional minimum is not met by this amount alone.  *See* Dkt. 1 at ¶ 22 ("a total of $4,645,038.66 in potential class member claims.").  Thus, GEICO alleges that attorney's fees should be included in the amount in

controversy to overcome the jurisdictional minimum. *Id*. ¶¶ 23–25.  On this issue, the Ninth Circuit has held "that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Under this authority, GEICO advances three theories for including attorney's fees in the amount in controversy.  Dkt. 25 at 16–20.

First, GEICO alleges that "the Ninth Circuit commonly employs a 25% benchmark in calculating awardable fees . . . ."  Dkt. 1 ¶23.  McGraw argues that the 25% benchmark is only applicable in class action settlement cases where the fees are paid out of a common settlement fund.  Dkt. 19 at 15–16.  The Court agrees and finds that such a calculation method is not a reasonable method of calculating the amount in controversy by including *additional* attorney's fees.[2]  Moreover, this is not an underlying explicit authorization of fees as contemplated in *Galt G/S*.  Accordingly, the Court declines to add any amount of "benchmark" fees to the alleged actual damages.

Second, GEICO alleges that McGraw agreed to pay her counsel 33% of the gross profits if successful.  Dkt. 1 at ¶ 24.  McGraw argues that, even if true, the payment would come from the gross proceeds and it is frivolous to argue that such an amount should be added to alleged actual damages.  Dkt. 19 at 16.  The Court agrees, and GEICO

---

[2] The Court recognizes that it suggested the possibility of the opposite conclusion in a prior case.  *See Levy v. Salcor, Inc.*, C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014).  That statement, however, is at most dicta because it was irrelevant to the final calculation of the jurisdictional minimum, which relied on "an even more conservative estimate of $500,000 in statutory fees . . . ."  *Id*.

fails to respond to this argument.  Moreover, this is not an underlying explicit authorization of fees as contemplated in *Galt G/S*.  Accordingly, the Court concludes that this argument is without merit.

Third, GEICO alleges that, under the *Olympic Steamship* doctrine, "attorneys' fees may be awarded if Plaintiff prevails, and attorneys' fees must therefore be included in the amount in controversy for removal purposes."  Dkt. 1 at ¶ 25.  While neither party addresses the fact that *Olympic Steamship* fees are not fees authorized by an underlying statute as explicitly held in *Galt G/S*, 142 F.3d at 1156, the Ninth Circuit provided dicta that would seem to authorize fees authorized by case law.  For example, the court stated that "[w]hen the applicable *substantive law* makes the award of an attorney's fee discretionary, a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy."  *Galt G/S*, 142 F.3d at 1155 (emphasis added) (citing 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3712 at 178 (1985)).  In *Zidell Marine Corp. v. Beneficial Fire & Cas. Ins. Co.*, C03-5131 RBL, 2003 WL 27176596, at *5 (W.D. Wash. Dec. 4, 2003), the court cited the preceding language and "disagree[d] with [defendants'] contention that attorneys' fees are properly included in the amount in controversy only when authorized by contract or statute."  Similarly, the Court concludes that, whether the fees are authorized by contract, statute, or case law, they may be included in the amount in controversy.

The next issue is whether *Olympic Steamship* fees are awardable in this case.  "*Olympic Steamship* . . . fees are available when the insurer or surety unsuccessfully

1 | denies coverage." *King Cty. v. Vinci Const. Grands Projets*, 191 Wn. App. 142, 188

2 | (2015).

3 |       But such fees are not available if the dispute is merely about the value of the claim.  In other words, attorney fees are available in cases
4 | involving coverage disputes, which generally concern interpretation of the meaning or application of a policy or bond.  In contrast, claim disputes
5 | raise factual questions about the extent of the insured's damages. They involve factual questions of liability, injuries, and damages.
6 |       Olympic Steamship has been read broadly by Washington courts. The only articulated limitation to this rule is that no fees are awarded when
7 | the insurer does not dispute coverage, but merely disputes the value of the claim.  Thus, the "claims dispute" exception to Olympic Steamship attorney
8 | fees is narrow. It applies where the surety or insurer acknowledges coverage, agrees to pay under the policy or bond, but disputes the value of
9 | the claim.

10 | *Id*. at 188–89 (internal citations and quotations omitted).

11 |       GEICO argues that this is a coverage dispute, Dkt. 25 at 17–19, while McGraw

12 | argues that this is a claim dispute, Dkt. 19 at 5, 17–19.  The Court concludes that

13 | McGraw presents the better argument on this issue.  Not only did GEICO's 30(b)(6)

14 | representative testify that diminished value is not excluded by the contract of insurance,

15 | Dkt. 4-51, Exh. 1 at 19, but McGraw would be a questionable representative for a class

16 | based on a denial of coverage claim.  McGraw alleges that GEICO accepted her

17 | uninsured motorist claim and adjusted part of her claimed loss, but "has failed to fairly

18 | and adequately compensate [her] diminution of value damages."  Comp. ¶¶ 1.10–1.12.

19 | Based on these allegations, it is a more reasonable assumption that this case involves

20 | "factual questions of liability, injuries, and damages" instead of "interpretation of the

21 | meaning or application of a policy . . . ."  *King Cty.*, 191 Wn. App. at 188–89.  In fact,

22 | McGraw specifically alleges that the "language in the policies falling within the Class has

been authoritatively construed in [*Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 276 (2011)] as providing diminished value coverage." Comp. ¶ 4.3 (emphasis omitted). While GEICO argues that McGraw's new theory of "stigma damages" is specifically excluded by the interpretation of policy language in *Moeller*, Dkt. 25 at 5–6, the issue should be decided on a dispositive motion and not in a motion to remand. At this point, the Court reads the scope of the complaint to be consistent with *Moeller* and any additional "stigma damages" would require an amended complaint. Therefore, based on the operative allegations in the complaint, evidence in the record, and case law regarding diminished value damages, the Court concludes that it is unreasonable to assume that *Olympic Steamship* fees are recoverable for McGraw's claim.[3]

Even if the "claim dispute" exception to *Olympic Steamship* does not apply, there is no evidence in the record to establish that the awardable fees would push the amount in controversy past the jurisdictional minimum. GEICO admits as much by stating that, "[b]ecause this purported class action is not completed, there is no lodestar amount that the Court could calculate, even if it were appropriate to do so." Dkt. 25 at 19. "[A]

---

[3] GEICO asserts that, if the Court accepts McGraw's position, then "crafty plaintiff's counsel" would argue one position in support of remand and another at the end of trial in state court. Dkt. 25 at 18. The Court finds this argument suspect and notes that numerous principles would preclude such position shifting. *See, e.g., Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.") Moreover, GEICO could definitively declare that this matter is distinguishable from *Moeller* and that a policy exclusion precludes McGraw's insurance claim in order to clarify that *Olympic Steamship* fees would be recoverable if McGraw was successful in proving coverage. Until that time, the Court will assume that this matter is either identical to or materially indistinguishable from the numerous other diminished value class actions ping ponging between the state and federal courts in Washington.

defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.  Accordingly, the Court declines to include *Olympic Steamship* fees in the amount in controversy and concludes that GEICO has failed to show that the amount in controversy exceeds the jurisdictional minimum.

B.    **Attorney's Fees and Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id*.  The plaintiff does not have to prove that the defendant's "action was frivolous, unreasonable, or without foundation," because "there is no basis here for a strong bias against fee awards." *Id*. at 138.

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id*. at 140.

While GEICO's improper removal delayed the proceedings, increased McGraw's costs of litigation, and wasted judicial resources, the Court is unable to conclude that an award of fees is warranted. McGraw must concede that her complaint contains allegations alluding to GEICO's denial of coverage. *See*, *e.g.*, Comp. ¶ 1.12 ("Although Plaintiff took the appropriate measures to receive compensation from GEICO for the damages she incurred, GEICO continuously denied Plaintiff's coverage for diminution of value damages."). Based on a literal reading of these allegations, the Court is unable to conclude that it was objectively unreasonable to base removal on the possibility of an award of O*lympic Steamship* fees. Thus, GEICO avoids an award of fees in this matter based on one reasonable argument.

### III. ORDER

Therefore, it is hereby **ORDERED** that McGraw's motion to remand (Dkt. 19) is **GRANTED** and motion to strike declarations of Defendant's experts (Dkt. 39) is **DENIED as moot**. The Clerk shall remand this action to Pierce County Superior Court and close this case.

Dated this 27th day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge