UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YOLANDA MCGRAW, individually, and as the representative of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C16-5876BHS<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO STAY AND FOR LEAVE TO FILE OVER-LENGTH BRIEF, RENOTING DEFENDANT'S MOTION FOR RECONSIDERATION, AND REQUESTING RESPONSE |

This matter comes before the Court on Defendant GEICO General Insurance Company's ("GEICO") motion to stay, motion to file over-length brief, and motion for reconsideration. Dkts. 51–53. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On March 13, 2014, Plaintiff Yolanda McGraw ("McGraw") was involved in a car accident. Dkt. 1, Ex. A ("Comp.") ¶ 1.8. McGraw's car was damaged, and the repairs cost $8,140.07. *Id.* McGraw's car was worth less after it was repaired than before the

ORDER - 1

accident. *Id.* ¶ 1.10.  McGraw had a car insurance policy with Defendant GEICO General Insurance Company ("GEICO").  *Id.* ¶ 1.9.  McGraw sought underinsured motorist coverage under her GEICO policy.  *Id.*  GEICO did not compensate McGraw for her car's diminished value.  *Id.* ¶ 1.11.

On April 17, 2015, McGraw filed a class action complaint against GEICO in Pierce County Superior Court.  *See id.*  McGraw claims that GEICO has continuously failed to pay its policyholders' diminished value loss.  *Id.* ¶ 5.1.  McGraw seeks to certify the following class:

> All GEICO insureds with Washington policies issued in Washington State, where the insureds' vehicle damages were covered under Underinsured Motorist coverage, and
>
> 1. The repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. The vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. The vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned judge, the judge's staff and family.

*Id.* ¶ 5.3.  McGraw alleges that the number of class members will be about 2,586 and the average damages will be about $1,460 per class member.  *Id.* ¶ 2.4.  Based on these numbers, McGraw alleges that the amount in controversy is $3,775,560.  *See id.*  McGraw asserts a single breach of contract claim.  *Id.* ¶¶ 6.1–6.5.

On October 13, 2016, GEICO removed the matter to this Court.  Dkt. 1.  GEICO alleges that "[a] sampling of GEICO's records reveals an average of $1,698.99 per claim

with a potential class size including as many as 2734 claims for a total of $4,645,038.66 in potential class member claims." *Id*. ¶ 22. GEICO also alleges that the class would be entitled to attorney's fees under the Ninth Circuit benchmark for class actions, McGraw's retainer agreement with her attorney, or *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) (en banc). *Id*. ¶¶ 23–25.

On November 14, 2016, McGraw moved to remand. Dkt. 19. On February 27, 2017, the Court granted the motion. Dkt. 49. On March 9, 2017, GEICO moved for a stay of the remand, leave to file an over-length brief, and reconsideration. Dkts. 51–53[1].

## II. DISCUSSION

"No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request." Local Rules, W.D. Wash. LCR 7(h)(3).

In this case, GEICO's motion raises a host of issues that, at the very least, should be more fully developed on the record. Thus, the Court requests a response from McGraw on at least the following issues:

1. If the complaint raises coverage issues, was the case removable on its face? *See*, *e.g.*, *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'") (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.2005)).

2. If a complaint puts a party on notice that attorney's fees may be awarded pursuant to a statute such that the removing party requests that they be

---

[1] Although GEICO violated the Local Rules of Procedure, the Court grants the motion to file an over-length brief because McGraw will be allowed additional pages in response. *See* Local Rules, W.D. Wash. LCR 7(f)(1).

ORDER - 3

      included in opposing a motion to remand, does the complaint show that a common law award of attorney's fees may also be recoverable for a coverage dispute? *See McGraw v. GEICO*, 15-5336BHS, (W.D. Wash), Dkt. 17 at 10.

  3. If a complaint involves a coverage dispute and a claim dispute, are all attorney's fees incurred resolving both disputes recoverable under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) or only the fees incurred resolving the coverage dispute?

  4. Is there any evidence in the record to establish reasonable attorney's fees for resolving the coverage dispute in this matter in light of *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 274, 267 P.3d 998, 1002 (2011)?

McGraw may address any other issue as well. If McGraw requires additional pages, she shall file a motion in accordance with the local rules.

### III. ORDER

Therefore, it is hereby **ORDERED** that GEICO's motion to stay remand (Dkt. 51) and motion to file over-length brief (Dkt. 52) are **GRANTED**; McGraw may file a response no longer than twelve pages no later than March 21, 2017; GEICO may file a reply no longer than six pages no later than March 24, 2017; and the Clerk shall renote GEICO's motion for reconsideration (Dkt. 53) for consideration on the Court's March 24, 2017 calendar.

Dated this 13th day of March, 2017.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge