UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YOLANDA MCGRAW,

                    Plaintiff,

        v.

GEICO GENERAL INSURANCE
COMPANY,

                    Defendant.

CASE NO. C16-5876 BHS

ORDER DENYING
DEFENDANT'S MOTION TO
STAY, GRANTING
DEFENDANT'S MOTION FOR
LEAVE TO FILE EXCESS PAGES,
AND DENYING DEFENDANT'S
MOTION FOR
RECONSIDERATION

        This matter comes before the Court on Defendant GEICO General Insurance

Company's ("GEICO") motion to stay enforcement of remand order (Dkt. 63), motion

for leave to file excess pages for motion for reconsideration of remand order (Dkt. 64),

and motion for reconsideration (Dkt. 65)

        On February 27, 2017, the Court granted Plaintiff Yolanda McGraw's

("McGraw") motion to remand.  Dkt. 49.  On March 9, 2017, GEICO filed a motion for

reconsideration arguing that the Court committed manifest errors of law in granting

McGraw's motion.  Dkt. 53.  On April 18, 2017, the Court granted the motion for

reconsideration and issued an amended order granting McGraw's motion for remand.

Dkts. 60, 61.  On May 1, 2016, GEICO filed the instant motions.  Dkts. 63–65.  The Court grants the motion for leave to file excess pages and will consider GEICO's over-length motion for reconsideration.

Motions for reconsideration are governed by the Local Rule of Procedure 7(h), which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h).

In this case, GEICO asserts that the Court made two manifest errors of law in the amended motion to remand.  First, GEICO argues that the Court erred by concluding that a fully litigated class action would result in fees in excess of $1,634,700.  Dkt. 65 at 8–10.  GEICO asserts that this represents an award of 48% of damages alleged in the complaint, which exceeds the standard benchmark for awarding fees in class actions settlements.  The problem with GEICO's argument is that the benchmark is for settlements and not for fully litigated class action cases, which more accurately represents the *potential* total damages.  *See* Dkt. 25 at 3 (GEICO citing numerous cases for the proposition that "the standard of proof is what the 'potential' damages might be or what the 'stakes' of the lawsuit might be").  Thus, GEICO has failed to show that it is a manifest error of any current law to conclude that a fully litigated class action could result in fees in excess $1,634,700.

GEICO also finds error in the fact that the Court has forced GEICO into the position of arguing for this award of fees within 30 days of receiving the complaint. Ironically, GEICO did assert the position it now claims is inconceivable. *McGraw v. Geico Gen. Ins. Co.*, C15-5336BHS (W.D. Wash.), Dkt. 17 at 10 ("Indeed, it is likely that fees will be in the millions of dollars for a case like this one."). The Court agrees with GEICO's original position that fees could potentially be in the **millions of dollars** for a case like this one. Therefore, the Court denies GEICO's motion on this issue.

Second, GEICO argues that the Court improperly allowed McGraw to limit her claims post-removal. Dkt. 65 at 10. GEICO, however, aptly recognizes that the Court reached an alternative conclusion in the event that this case was a claim dispute as opposed to a coverage dispute. Even if the conclusion is a manifest error of law, it is an alternative conclusion. Therefore, the Court **DENIES** GEICO's motion for reconsideration and **DENIES** GEICO's motion to stay remand.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge